**Manuel Enrique ORTEGA–LOPEZ, Petitioner,**

v.

**John ASHCROFT, United States Attorney General,\* Respondent.**

**No. 02–74391.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2004.\*\*

Decided June 23, 2004.

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LAY,*** HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM ****

Petitioner, Manuel Enrique Ortega–Lopez, a native and citizen of Nicaragua, petitions for review of a decision by the Board of Immigration Appeals summarily affirming a deportation order entered by an Immigration Judge ("IJ"). The IJ found Petitioner deportable as an alien convicted of an aggravated felony under § 241(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1251(a)(2)(A)(iii) (now codified at 8 U.S.C. § 1227(a)(2)(A)(iii)), and as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct under INA § 241(a)(2)(A)(ii), 8 U.S.C. § 1251(a)(2)(A)(ii) (now codified at 8 U.S.C. § 1227(a)(2)(A)(ii)). The IJ also found Petitioner ineligible for relief under § 209(c) of the INA, 8 U.S.C. § 1159(c), or withholding of deportation.

Because the deportation proceedings against Petitioner were pending before April 1, 1997, and the final agency order of deportation was entered after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply to this case. *See, e.g., Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). Section 309(c)(4)(G) of the IIRIRA provides, in part, that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section ... 241(a)(2)(A)(iii) ... of the Immigration and Nationality Act ... or any offense covered by section 241(a)(2)(A)(ii) of such Act."

Section 241(a)(2)(A)(iii) of the INA provides that an alien "convicted of an aggravated felony at any time after admission is deportable." Petitioner was convicted of receiving stolen property, for which he was sentenced to three years' imprisonment, and petty theft with priors, for which he was also sentenced to three years' imprisonment. INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), defines "aggravated felony" to include "a theft offense (including receipt of stolen property) or burglary of-

*** Pursuant to Petitioner's motion, this case was submitted for decision on the briefs and record, without oral argument. Fed. R.App. P. 34(a)(2).

**** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

fense for which the term of imprisonment [is] at least one year."

Because Petitioner was convicted of receiving stolen property, an aggravated felony, he is deportable under INA § 241(a)(2)(A)(iii),[1] and we lack jurisdiction to entertain the petition for review. *See Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999). As a result, we need not address Petitioner's argument that his conviction for petty theft with priors is not an aggravated felony under *United States v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002), or his other claims for relief.

PETITION DISMISSED.

---

1. We note that Petitioner's conviction for receipt of stolen property was entered in 1994, before the IIRIRA amended the definition of "aggravated felony" to eliminate the requirement that the term of imprisonment be at least five years. IIRIRA § 321(a)(3); 8 U.S.C. § 1101(a)(43)(G) (1994 ed.). However, the IIRIRA provided that the new definition of crimes constituting aggravated felonies applied "regardless of whether the conviction was entered before, on, or after the date of enactment" of the new definition. IIRIRA § 321(b); *see United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1045 (9th Cir.2004).